**FILED**
**Apr 08, 2020**
**09:49 AM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Jeffery Stewart, | ) | Docket No. 2019-01-0569 |
| Employee, | ) | |
| v. | ) | |
| Day and Zimmerman, | ) | State File No. 90388-2018 |
| Employer, | ) | |
| And | ) | |
| XL Specialty Insurance Co., | ) | Judge Thomas Wyatt |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS
## (DECISION ON THE RECORD)

On April 8, 2020, this Court considered Jeffrey Stewart's Request for Expedited Hearing seeking ongoing treatment and reimbursement for past treatment of two capped teeth. Day and Zimmerman (DZ) claimed Mr. Stewart waited more than five months to give notice of the dental injury and did not prove a causal relationship to his work injury. For the reasons below, the Court denies the requested benefits at this time.

### History of Claim

On November 19, 2018, Mr. Stewart fell and broke his leg at DZ. He underwent emergency surgery later that day. Mr. Stewart claimed that the caps on two of his back teeth broke during the fall, and he spit them from his mouth at the scene. Mr. Stewart conceded that he did not hit his head in the fall, but he stated that the caps were knocked out by his upper teeth striking his lower teeth when his body hit the ground.

Mr. Stewart testified that he told DZ's adjuster about the dental injury in a telephone call while he was hospitalized after surgery. Mr. Stewart did not recall the date he gave notice because he took pain medication during the weeks after his surgery. The adjuster testified that she received no notice of the dental injury until Mr. Stewart emailed her in April 2019, approximately five months after the date of injury.

1

Mr. Stewart stated he also told his surgeon about the dental injury at some time. The medical records contain no history that Mr. Stewart reported injuring his teeth in the fall.

## Findings of Fact and Conclusions of Law

Mr. Stewart must show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

DZ first defended Mr. Stewart's dental claim on lack of timely notice. Tennessee Code Annotated section 50-6-201(a)(1) requires that an injured employee give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge. Mr. Stewart claimed he told DZ's adjuster about the damage to his teeth while hospitalized after the injury. The adjuster claimed she did not receive notice of the dental claim for five months.

In *Quaker Oats Co. v. Smith,* 574 S.W.2d 45 (Tenn. 1978), the Supreme Court held that there is no requirement that an employee give notice of each of several injuries received in a work accident. DZ clearly had actual notice of Mr. Stewart's fall and leg injury shortly after it occurred. That notice is all that is necessary for Mr. Stewart to comply with the notice requirement for his November 2018 fall.

DZ next defended on the ground that Mr. Stewart did not sufficiently establish that his caps came off in his fall at work. It relied on the records of the medical providers who treated his broken leg, none of whom documented a history of dental work injury. Mr. Stewart failed to produce a statement from a medical or dental provider causally relating his dental injury to his work accident. The lack of evidence of causation is fatal to his dental claim at this time. The Court does not consider the prospect of dental injury in a fall to be an obvious injury exempt from the general rule that the employee must prove causation by medical testimony. *See* Tenn. Code Ann. § 50-6-102(14). For this reason, the Court denies Mr. Stewart's dental claim at this time.

2

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Stewart's dental claim is denied at this time.

2. This case is set for a Status Hearing at **10:00 a.m. Eastern Time** on **June 8, 2020**. The parties must call (615) 741-3061 or toll-free at (855) 747-1721 to participate in the Status Hearing. Failure to call in may result in a determination of the issues without the party's participation.

**ENTERED April 8, 2020.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

<u>Exhibits</u>: The Court considered the following exhibits in making its decision:
1. Rule 72 Declaration of Jeffrey Stewart
2. Excerpts from the deposition of Jeffrey Stewart
3. Billing records of William David Kirkpatrick, DDS
4. Operative note of Dr. Michael Veale
5. Rule 72 Declaration of Kristen Campbell
6. Records of Hamilton County EMS
7. Emergency department records of Memorial Hospital
8. Final Medical Report of Dr. Michael Veale, with attached medical records

<u>Technical record</u>: The Court considered the following filings in the record in making its decision:
1. Petition for Benefit Determination
2. Dispute Certification Notice and statements of additional issues
3. Employer's Position Statement
4. Employee's Request for Expedited Hearing—Decision on the Record
5. Employer's Memorandum of Law in Response to REH
6. Docketing Notice—Decision on the Record

3

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on April 8, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Chris Markel<br>Employee's Attorney | | X | cmarkel@markelfirm.com<br>jdickey@markelfirm.com |
| D. Brett Burrow<br>Employer's Attorney | | X | bburrow@burrowlee.com<br>tbrasher@burrowlee.com |

/s/ Penny Shrum     w/permission JD

**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov

4